# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| ANDRE JACKSON #740654 | § | |
| | § | |
| V. | § | A-08-CA-609-SS |
| | § | |
| JUDGE JEANNE MEURER, THOMAS M. | § | |
| ALVIS and LINDA ICENHAUER- | § | |
| RAMIREZ | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Robertson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains in 1995 his attorney, Thomas Alvis, made the decision for Plaintiff to plead guilty in juvenile court after Alvis was awarded guardianship. He further complains his appellate counsel, Linda Icenhauer-Ramirez, did not properly raise errors on direct appeal or in a petition for

discretionary review.  He also complains Judge Jeanne Meurer refused Plaintiff's mother's consent in the plea agreement process even though his mother was present at the hearing.  Plaintiff also contends Judge Meurer lacked jurisdiction and that he was improperly indicted.  Plaintiff seeks only an unspecified amount of monetary damages.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>State Actor</u>

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim.  <u>Love v. King</u>, 784 F.2d 708, 712 (5th Cir. 1986);  <u>Williams v. Kelley</u>, 624 F.2d 695, 697 (5th Cir. 1980), <u>cert. denied</u>, 451 U.S. 1019, 101 S. Ct. 3009 (1981).  Section 1983 suits

2

may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  See, Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473 (1961); accord, Brown v. Miller, 631 F.2d 408, 410-11 (5th Cir. 1980).  A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.  Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct 183, 186 (1980).

An action which is essentially a tort claim for malpractice against appointed counsel cannot be brought under §1983.  See O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972); Shapley v. Green, 465 F.2d 874 (5th Cir. 1972).  Likewise, no claim under § 1983 can be brought against retained counsel because retained counsel does not act under color of state law.  Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985), cert. denied, 479 U.S. 826, 107 S. Ct. 103 (1986).  Because Thomas Alvis and Linda Icenhauer-Ramirez are not state actors, Plaintiff's claims against them should be dismissed as frivolous.

C.     Judicial Immunity

Plaintiff's claims against Judge Meurer are likewise frivolous.  Judge Meurer is entitled to absolute immunity for any acts performed as a judge.  It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within her jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit.  Mireless v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991).  Motive of the judicial officer is irrelevant when considering absolute immunity. See, Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

3

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  <u>Mireless</u>, 502 U.S. at 11-12, 112 S. Ct. at 288. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"  <u>Boyd v. Biggers</u>, 31 F.3d 279, 285 (5th Cir. 1994) quoting, <u>Mireless</u>, 502 U.S. at 12, 112 S. Ct. at 288.  In the case at bar, Plaintiff does not complain of any actions taken by Judge Meurer that were non-judicial in nature nor does he show that she was acting in the clear absence of all jurisdiction.  Because Judge Meurer is protected by absolute immunity, Plaintiff's claims against her are frivolous.

D.     <u>Heck v. Humphrey</u>

Alternatively, Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of <u>Heck</u> to state prisoner § 1983 lawsuits in <u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994).  In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  Plaintiff's recitation of the procedural history in this case indicates just the opposite.

E.    <u>Res Judicata</u>

Additionally, Plaintiff's claims against Defendant Alvis and Judge Meurer are barred by res judicata.  The doctrine of res judicata, read in the broad sense of the term, embraces two distinct preclusion concepts: claim preclusion (often termed "res judicata") and issue preclusion (often referred to as "collateral estoppel").  <u>United States of America v. Shanbaum</u>, 10 F.3d 305, 310 (5th Cir. 1994) (citing <u>Migra v. Warren City School Dist. Bd. Of Education</u>, 465 U.S. 75, 77 n.1, 104 S. Ct. 892, 894 (1984).  As the <u>Shanbaum</u> court explained, "Claim preclusion, or "pure" res judicata, is the "venerable legal canon" that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.  <u>Id.</u> (citing <u>Medina v. I.N.S.</u>, 993 F.2d 499, 503 (5th Cir. 1993)).  Claim preclusion is appropriate only if four conditions are satisfied.  <u>Id.</u> First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action.  <u>Id.</u>  Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction.  <u>Id.</u>  Third, the prior action must have concluded with a final judgment on the merits.  <u>Id.</u> Fourth, the same claim or cause of action must be involved in both suits.  <u>Id.</u> (citing <u>Eubanks v. Federal Deposit Ins. Corp.</u>, 977 F.2d 166, 169 (5th Cir. 1992)).  If these conditions are satisfied, claim preclusion prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action.  <u>Id.</u> (citing <u>In re Howe</u>, 913 F.2d 1138, 1144 (5th Cir. 1990)).

Plaintiff filed a lawsuit in 2001, raising the same claims against Defendant Alvis and Judge Meurer.  <u>See</u> <u>Jackson v. Alvis</u>, No. A-01-CV-279-SS (W.D. Tex.).  In Cause No. A-01-CV-179-SS, the Court dismissed Plaintiff's claims against Alvis, noting Alvis is not a state actor, and dismissed Plaintiff's claims against Judge Meurer, noting she was absolutely immune from suit.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  <u>See</u>, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for

6

failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

<u>OBJECTIONS</u>

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of September, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE